**BRASS & CORDOVA**
**EDWARD K. BRASS (432)**
Attorney for the Defendant
175 East 400 South, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 322-5678
Facsimile: (801) 322-5677

---

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN CLARK WARD,<br><br>Defendant. | OBJECTION TO RESTITUTION MOTION<br><br>Case No. 1:17-CR-60<br>Judge Benson |

The government has filed a motion in this matter seeking restitution for future college education expenses incurred by K.P, the victim in this case. The motion should be denied.

The government's request for future education expenses runs afoul of *Paroline v. United States*, 572 U.S. 434, 134 S.Ct.1710, 188 L.Ed.2d 714 (2014). *Paroline* involved the possession of material involving the sexual exploitation of children. The victims sought restitution for lost income and future counseling costs pursuant to 18 U.S.C. §2259. The *Paroline* Court held that restitution could be ordered only for losses suffered as the proximate cause of the defendant's crime. In so holding, the Court explained,

"[3] As a general matter, to say one event proximately caused another is a way of making two separate but related assertions. First, it means the former event caused the latter. This is

1

known as actual cause or cause in fact. The concept of actual cause "is not a metaphysical one but an ordinary, matter-of-fact inquiry into the existence ... of a causal relation as laypeople would view it." 4 F. Harper, F. James, & O. Gray, Torts § 20.2, p. 100 (3d ed. 2007).

[4] [5] [6] [7] Every event has many causes, however, see ibid., and only some of them are proximate, as the law uses that term. So to say that one event was a proximate cause of another means that it was not just any cause, but one with a sufficient connection to the result. The idea of proximate cause, as distinct from actual cause or cause in fact, defies easy summary. It is "a flexible concept," Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639, 654, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008), that generally "refers to the basic requirement that ... there must be 'some direct relation between the injury asserted and the injurious conduct alleged,' " CSX Transp., Inc. v. McBride, 564 U.S. ——, ——, 131 S.Ct. 2630, 2645, 180 L.Ed.2d 637 (2011) (ROBERTS, C.J., dissenting) (quoting Holmes v. Securities Investor Protection Corporation, 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992)). The concept of proximate causation is applicable in both criminal and tort law, and the analysis is parallel in many instances. 1 W. LaFave, *445 Substantive Criminal Law § 6.4(c), p. 471 (2d ed. 2003) (hereinafter LaFave). Proximate cause is often explicated in terms of foreseeability or the scope of the risk created by the predicate conduct. See, e.g., ibid.; 1 Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 29, p. 493 (2005) (hereinafter Restatement). A requirement of proximate cause thus serves, inter alia, to preclude liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity. Exxon Co., U.S.A. v. Sofec, Inc., 517 U.S. 830, 838–839, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996).

**1720 All parties agree § 2259 imposes some causation requirement. The statute defines a victim as "the individual harmed as a result of a commission of a crime under this chapter." § 2259(c). The words "as a result of" plainly suggest causation. See Pacific Operators Offshore, LLP v. Valladolid, 565 U.S. ——, ——, 132 S.Ct. 680, 690–691, 181 L.Ed.2d 675 (2012); see also Burrage v. United States, 571 U.S. ——, ——, 134 S.Ct. 881, 886–887, 187 L.Ed.2d 715 (2014). And a straightforward reading of § 2259(c) indicates that the term "a crime" refers to the offense of conviction. Cf. Hughey v. United States, 495 U.S. 411, 416, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). So if the defendant's offense conduct did not cause harm to an individual, that individual is by definition not a "victim" entitled to restitution under § 2259.

[8] As noted above, § 2259 requires a court to order restitution for "the full amount of the victim's losses," § 2259(b)(1), which the statute defines to include "any costs incurred by the

victim" for six enumerated categories of expense, § 2259(b)(3). The reference to "costs incurred by the victim" is most naturally understood as costs stemming from the source that qualifies an individual as a "victim" in the first place—namely, ones arising "as a result of" the offense. Thus, as is typically the case with criminal restitution, § 2259 is intended to compensate victims for losses caused by the offense of conviction. See id., at 416, 110 S.Ct. 1979. This is an important point, for it means the central concern of the causal inquiry must be the conduct of the particular defendant from whom restitution is sought.

[9] [10] *446 But there is a further question whether restitution under § 2259 is limited to losses proximately caused by the offense. As noted, a requirement of proximate cause is more restrictive than a requirement of factual cause alone. Even if § 2259 made no express reference to proximate causation, the Court might well hold that a showing of proximate cause was required. Proximate cause is a standard aspect of causation in criminal law and the law of torts. See 1 LaFave § 6.4(a), at 464–466" *Paroline* 572 U.S. 434, 444-446.

The government's motion alleges various facts that in essence constitute a promise by Dr. Ward to provide for K.P.'s future college education. However, the motion fails to demonstrate how the crime he committed caused her not to receive a college education. It should be noted that under Utah law, no parent is obligated to provide an education for an adult child. *See, eg. Carlson v. Carlson,* 584 P.2d 864, 865-866,

"[I]t is obvious that there must be some difference between the obligation of parents to their children before they reach their majority and after that event. The facts are commonly known that a large percentage of our people do not regard a college education as any absolute essential to living and do not attend college; and that even less ever graduate therefrom. Further harmonizing with the views expressed herein is the fact that the public policy of our state relating to the requirement that children attend school until the age of 18 correlates with the age at which children are emancipated and attain their majority as provided in Section 15-2-1 above referred to.
[4] In the case of Ferguson v. Ferguson this court has but recently had occasion to declare that a parent's obligation to support his child normally terminates when the child attains his or her majority.7 We here reiterate the thought there expressed: that a parent will normally be quite willing to assist an adult child in furthering his education, *866 but should not be compelled to do so except in unusual circumstances."

Dr. Ward's crime did not proximately cause K.P. to lose her ability to go to college, it deprived her of a gift that under Utah law he was under no obligation to provide. Under these

3

circumstances, the motion should be denied. At a minimum, an evidentiary hearing should be held to determine whether the facts are as set forth in the government's memorandum.

DATED this 22nd day of October, 2018.

/s/ Edward K. Brass
EDWARD K. BRASS
Attorney for the Defendant

## ELECTRONIC FILING CERTIFICATE

I hereby certify that a true and correct copy of the foregoing Objection to Restitution Motion was filed electronically and caused to be served by electronic notice to all parties of record on this 22nd day of October, 2018.

/s/ Maria J. Montoya